**IRWIN COMPANY, INC., Plaintiff,**

v.

**3525 SAGE STREET ASSOCIATES, LTD., a Texas Limited Partnership, Third–Party Plaintiff,**

v.

**Lynn MARTIN, Secretary of Labor, United States Department of Labor in her Official Capacity, Third–Party Defendant.**

**Civ. A. No. H–92–0313.**

United States District Court, S.D. Texas, Houston Division.

Oct. 26, 1992.

William C. Boyd, Patterson Boyd Lowery, Houston, TX, for plaintiff.

Scott A. Hooper, Vinson & Elkins, Traci Bransford, U.S. Attys. Office, Houston, TX, for defendant.

### ORDER

HOYT, District Judge.

Pending before the Court is the motion for summary judgment filed by the Secretary of United States Department of Labor, third-party defendant in this action, and the cross motion for the summary judgment of the Irwin Company, Inc., the plaintiff, and the Court after considering both is of the opinion that good cause having been shown to support the Secretary's motion, it is hereby

ORDERED that the motion be, and the same hereby is, GRANTED in its entirety and Irwin Company, Inc., plaintiff herein, is hereby ORDERED to deliver within thirty (30) days of entry of this judgment a cashier's or certified check in the sum of $107,-552.01 plus all accrued interest payable to the United States Department of Labor–Wage and Hour Division for distribution by the United States Department of Labor to Irwin's employees on a pro rata basis as determined by the final decision and order of the Administrative Law Judge entered against Irwin Company, Inc. on November 1, 1990, in accordance with the statutory, regulatory, and contractual authorities cited in the Department's motion.

The undisputed facts giving rise to this order are as follows:

1. The construction project in Houston, Texas involved here was owned and developed by 3525 Sage Street Associates and was financed by a construction loan issued under the National Housing Act by the U.S. Department of Housing and Urban Development, HUD Project No. 114–35336–PM.

2. In March of 1984, Sage borrowed the funds for construction of the project and agreed to pay, and to require its construction contractors to pay to laborers and mechanics prevailing wages as determined by the Secretary of Labor pursuant to the National Housing Act, 12 U.S.C. § 1715c(a) and the Davis–Bacon Act, 40 U.S.C. § 276a et seq.

3. Sage entered into an agreement with a general contractor, Northdale Construction Company whereby Northdale agreed to furnish all materials and to perform all work on the project.

4. On June 13, 1984, Northdale and Irwin entered into a subcontract whereby Irwin agreed to furnish all labor, materials, and equipment to install complete plumbing and site drainage for the job at 3525 Sage, HUD Project 114–35336–PM.

5. The contract provided in paragraph E that "ten percent retainage shall be withheld

from all payments other than the final payment."

6. Paragraph F of the contract states that "final payment including retainage shall be due and payable within 30 days after the four following conditions have occurred: (i) the subcontractor has fully performed his obligations thereunder...."

7. One of the obligations specifically enumerated in paragraph F is that "this work must be performed under the prevailing wage standards as set by the Department of Labor Decision TX83–4077."

8. On November 16, 1984, Northdale and Irwin entered into a subcontract agreement whereby Irwin agreed to install a complete heating ventilation and air conditioning system at the job at 3525 Sage.

9. By letter dated November 8, 1985, Sage terminated its construction contract with Northdale and thereafter took over the prime contracting duties itself.

10. On November 11, 1985, Sage and Irwin agreed to be bound by the terms of the above described subcontracts entered into between Northdale and Sage on June 13, 1984, and November 16, 1984.

11. On October 8, 1986, Sage paid off the HUD loan on the project. At the time the project was 92% complete.

12. The Wage Hour Division ("DOL") conducted an investigation into the employment practices of Irwin during its performance of the above mentioned contracts and determined that Irwin had violated the Davis–Bacon Act by failing to pay the required prevailing wage rate to its employees and by taking improper credit for fringe benefits. The DOL was not able to effect withholding of the back wages due to the prior termination of the HUD loan.

13. On May 12, 1988, the DOL sent Irwin a notification letter informing Irwin that its investigation revealed that Irwin had failed to pay the prevailing wage rates as required by wage determination TX83–4077 and the applicable modifications to its employees and had improperly took credit against those wages for fringe benefits in violation of the Davis–Bacon Act and the applicable regulations. Back wages in the amount of $152,-234.73 were found due.

14. On May 12, 1988, the DOL sent Sage a notification letter informing it of the violations of its subcontractor Irwin and informing it of its joint and several liability for the back wages due the employees of Irwin. The letter also noted that Sage had agreed to release the monies that it had on retainage as payment of the back wages, however, the subcontractor continued to disagree with the investigation findings. The letter also informed Sage of its right to request a hearing pursuant to section 5.11(b) of part 29 of the Code of Federal Regulations and stated that if it did not respond within 30 days the violations would be final as to Sage.

15. On June 10, 1988, Irwin requested a hearing concerning the results of the investigation pursuant to section 5.11(b)(2) of part 29 of the Code of Federal Regulations.

16. Sage did not request a hearing within 30 days and the investigation findings became final as to it. 29 CFR 5.11(b)(2).

17. On April 19 and 20, 1990, a hearing was held on the matter in Houston before the Honorable Ralph A. Romano, Administrative Law Judge. Irwin was represented by Samuel Hooper, Esq. and Sheila Owsley Hubert, Esq. The DOL was represented by Mary E. Witherow, Esq. and Robert A. Fitz, Esq.

18. On November 1, 1990, the DOL Administrative Law Judge, Ralph Romano, issued a decision and order finding Irwin in violation of the Davis–Bacon Act, as amended 40 U.S.C. 276 *et seq.* and the regulations thereunder 29 CFR 5, *et seq.* and holding that it was liable for $136,024.72 in back wages due 45 employees for failure to pay the prevailing wage rate, and for improper fringe benefits withheld. Irwin did not appeal the decision and it has become a final unappealable decision. 29 CFR § 6.34.

In its cross-motion for summary judgment, Irwin contends that the statute of limitations bars the Secretary's claim, that the Davis–Bacon Act does not grant a private right of action to the Secretary and should be strictly construed, and, that the Davis–Bacon Act remedies are the exclusive remedy for the

Secretary and the Act does not provide for this remedy.

■ The Irwin argument that the statute of limitation bars this claim fails to recognize that the moneys sought were withheld for the benefit of the Irwin employees. Thus, because the funds are considered to be the property of Irwin's employees, no statute of limitation problem arises. The question of entitlement was litigated and resolved on November 1, 1990. This suit is simply a collection suit based on the violations previously found.

■ Irwin's argument that the Secretary has no private cause of action is inapposite to the circumstances here. No cause of action to establish entitlement is pending. Entitlement was resolved in 1990. To the extent that proof of entitlement is warranted, that fact will be resolved by the Secretary on an employee basis. *U.S. v. Capeletti Brothers,* 621 F.2d 1309 (5th Cir.1980) is inapplicable here.

Irwin's argument that the Davis–Bacon Act does not authorize the withholding and distribution of the withheld funds is equally unmeritorious. Title 40 U.S.C. § 276a provides for the withholding and the regulation promulgated to implement the Act permits the distribution. *See* 29 C.F.R. Part 5 § 5.5(a)(2).

Clearly, the Davis–Bacon Act is applicable, favoring the remedies sought by the Secretary in the disbursement of the funds held in trust for the Irwin employees.

Irwin's motion for summary judgment is DENIED. The motion of the Secretary is GRANTED.